# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WOLVERINE INDUSTRIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-14691** |
| **MONFORTE EXPLORATION, LLC** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 11). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Wolverine Industries, LLC alleges that it furnished labor, services, equipment, and supplies for the drilling operation of two wells (Wells 1 and 2) located on the Outer Continental Shelf and owned by Defendant Monforte Exploration, LLC. Plaintiff further alleges that Defendant owes it $309,792.74 for its services on Well 1 and $157,975.58 for its services on Well 2. Plaintiff now moves for summary judgment on its suit on open account and recognition of its privilege on Well 1 and Well 2 pursuant to the Louisiana Oil Well Lien Act.

# LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Plaintiff seeks a judgment declaring that Defendant is liable for the amounts of its invoices for materials and services and recognizing its privileges in Wells 1 and 2. This Court will address each claim in turn.

### I. Suit on Open Account

First, Plaintiff seeks judgment on its suit on open account. An open account "includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions."[9] "In determining whether a contract falls under the open account statute, courts in Louisiana consider whether the "total cost or price [is] . . . left open or undetermined."[10] Louisiana courts also analyze certain factors when determining whether a course of dealings constitutes an open account: "(1) whether there were other business transactions between the parties; (2)

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] La. Rev. Stat. § 9:2781(C).
[10] *Factor King, LLC v. Block Builders, LLC*, 193 F. Supp. 3d 651, 658 (M.D. La. 2016) (quoting *Tri–Par. Elec. Supply, Inc. v. Cypress Bend Investments, LLC*, 105 So.3d 1036, 1039 (La. App. 3 Cir. 2012)).

3

whether a line of credit was extended by one party to the other; (3) whether there are running or current dealings; and (4) whether there are expectations of other dealings."[11]  A hallmark of an open account is that "[t]he total cost, unlike a contract, is generally left open or undetermined, although the rate for specific services may be fixed, such as an hourly rate."[12]

Defendant argues that Plaintiff has not provided sufficient evidence to establish that an open account existed between the parties. This Court agrees. In support of its Motion for Summary Judgment on its suit for open account, Plaintiff attaches only invoices that it sent to Defendant seeking payment for the labor, services, equipment, and supplies that it furnished. "A creditor suing on open account must prove that the debtor contracted for the sales on open account."[13]  Plaintiff has not provided any evidence concerning the relationship between the two parties. With the evidence before it, this Court is unable to analyze the factors required to determine whether there is an open account. It is unclear what the agreement between the parties entailed, whether they had agreed to a fixed sum, whether they anticipated future dealings, or whether Plaintiff had extended a line of credit. The invoices provided by Plaintiff are insufficient to answer these factual questions, and Defendant disputes the existence of an open account. Accordingly, there is a material issue of fact regarding the relationship

---

[11] *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169,174 (5th Cir. 2007) (citing *Paz v. BG Real Estate Servs., Inc.*, 921 So.2d 186, 188 (La. App. 4 Cir. 2005)).

[12] *Ormet Primary Aluminum Corp. v. Ballast Techs., Inc.*, 436 F. App'x 297, 301 (5th Cir. 2011).

[13] *Bieber-Guillory v. Aswell*, 723 So. 2d 1145, 1149 (La. App. 3 Cir. 1998).

between Plaintiff and Defendant and whether Plaintiff can succeed on its claim for open account. For those reasons, Plaintiff's motion is denied.

## II. Privilege under Louisiana Oil Well Lien Act

Plaintiff next asks this Court to recognize its privilege in Wells 1 and 2 pursuant to Louisiana Revised Statutes § 9:4861 et seq., the Louisiana Oil Well Lien Act ("LOWLA"). LOWLA "creates a lien and privilege in favor of anyone who performs any labor or service or furnishes supplies in connection with any oil, gas or water well."[14] Defendant argues, however, that Louisiana law does not apply to these facts because the oil wells at issue are located on the Outer Continental Shelf ("OCS"). It argues that under the Outer Continental Shelf Lands Act ("OCSLA"), federal law is exclusive in its regulation of the OCS.

Defendant is correct that federal law applies to oil wells on the OCS under OCSLA, however, "the law of the adjacent state is [often] adopted as surrogate federal law to the extent that such law is applicable and not inconsistent with federal law."[15] "Thus, under the OCSLA, state law may be applicable to disputes arising out of the OCS, albeit only as surrogate federal law."[16] The Fifth Circuit has consistently held that LOWLA is "applicable as

---

[14] *Supreme Contractors, Inc. v. Halliburton Logging Servs., Inc.*, 668 So. 2d 1363, 1365 (La. App. 1 Cir. 1996).

[15] *Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013); *see Gardes Directional Drilling v. U.S. Turnkey Expl. Co.*, 98 F.3d 860, 865 (5th Cir. 1996).

[16] *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012).

5

federal surrogate law under the OCSLA."[17] Accordingly, Defendant's argument fails.

Defendant does not provide any additional argument against the recognition of Plaintiff's privileges in Wells 1 and 2. It is not disputed that Plaintiff supplied labor and materials to these oil wells in connection with Defendant's drilling operations and that therefore Plaintiff may qualify as either a contractor or laborer under the statute. This Court cannot, however, grant Plaintiff judgment on the validity of its liens because it has not yet proven that Defendant owes it an obligation. The LOWLA states that the persons entitled to a privilege under the Act include:

> (1) A contractor for the price of his contract for operations.
> (2) A contractor for the price of his contract for providing services or facilities to persons performing labor or services on a well site located in the waters of the state.
> (3) A laborer or employee of an operator or contractor, for the price of his labor performed at the well site.[18]

In addition, it defines a "claimant" under the Act as "a person who is owed an obligation secured by the privilege established by R.S. 9:4862."[19] Plaintiff has not yet proven the existence of a contract between the parties or that Defendant owes it an obligation. Its motion is devoid of any discussion of the content of the agreement reached between the parties. "[A] privilege or a lien is a claim, encumbrance, or charge on property for payment of a debt,

---

[17] *Id.*; *see Gardes Directional Drilling*, 98 F.3d at 865.
[18] La. Stat. Ann. § 9:4862(A)(1)–(3).
[19] La. Stat. Ann. § 9:4861(1).

obligation, or duty."[20] Accordingly, this Court cannot enter a judgment as to the validity of Plaintiff's liens when no obligation has been established.[21]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is DENIED.

New Orleans, Louisiana this 15th day of June, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[20] *Guichard Drilling Co. v. Alpine Energy Servs., Inc.*, 657 So. 2d 1307, 1320 (La. 1995).

[21] *Epic Tech. Servs. Inc. v. Williams Field Servs.-Gulf Coast Co., L.P.*, No. 02-1397, 2003 WL 240987, at *1 (E.D. La. Jan. 31, 2003) ("Epic is not entitled to summary judgment on the validity of its liens. Under Louisiana law, the existence of a lien presumes that Epic can establish an obligation on the part of WFS. See La .R.S. 9:4861(i) (defining 'claimant' as 'a person who is owed an obligation secured by the privilege established by R.S. 9:4862.'). La.R.S. 9:4862 provides: 'the following persons have a privilege over the property described in R.S. 9:4863 to secure the following obligations incurred in operations … (i) A contractor for the price of his contract for operations.' Whether a contract exists and whether its alleged price has been paid is a disputed factual issue. Although the validity of this type of lien is apparent under Louisiana law, the validity of Epic's liens and their specific amount is not.").